FRANCISCO SANCHEZ

REGISTER NO. 67706-054
F.C.I. FORT DIX (WEST 5841)
P.O. BOX 2000
JOINT BASE MDL, NEW JERSEY 08640

November 4, 2015

[By Fax: (212) 805-7920]
THE HONORABLE SHIRA A. SCHEINDLIN
UNITED STATES DISTRICT JUDGE
UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
500 PEARL STREET
NEW YORK, NEW YORK 10007

Re: United States v. Francisco Sanchez, Docket No. 13 Cr. 65 (SAS)

Dear Judge Scheindlin:

This defendant, hereby invoking his constitutional right to self-representation for the purpose of filing this application, respectfully moves this Court to correct the sentence imposed on November 26, 2015, which resulted from clear and obvious error. This application is brought pursuant to Rule 35(a) of the Federal Rules of Criminal Procedure. Given the time sensitive nature of the Rule, defendant respectfully requests that the Court provisionally vacate the sentence, so as to retain jurisdiction to grant this application under Rule 35(a), or that the Court adjudicate this motion prior to the November 9, 2015 deadline for so doing.

By way of relevant background, both at defendant's original sentencing and the resentencing last week, the Court accorded a two level enhancement for obstruction of justice under Section 3C1.1 of the United States Sentencing Guidelines. The enhancement was applied because (a) defendant provided false identification documentation during the vehicle stop that ultimately led to his arrest for the instant offense, and (b) defendant allegedly gave instructions to another to destroy evidence of criminal activity. However, the conduct relied upon to apply the enhancement -- assuming the truth of the allegations -- did not trigger the enhancement since the conduct did not obstruct the investigation, prosecution or sentencing of the instant offense of conviction -- i.e., possession of a firearm by a convicted felon. thus, the enhancement was inappropriately applied in this case, and the Court should endeavor to correct the sentence.

Section 3C1.1 provides, in part, that the offense level is to be enhanced two levels if "(A) the defendant willfully obstructed . . . the administration of justice during the course of the investigation, prosecution, or sent-

encing of the instant offense of conviction, and (B) the obstructive conduct related to (i) the defendant's offense of conviction and any relevant conduct; or, (ii) a closely related offense." {U.S.S.G. 3C1.1(A) and (B)(i), (ii); United States v. Fiore, 381 F.3d 89, 94 (2d Cir. 2003); see also United States v. Dunnigan, 507 U.S. 87, 92 (1993)} The application notes to Section 3C1.1 makes clear that "[t]his adjustment applies if the defendant's obstructive conduct (A) occurred with respect to . . . the defendant's instant offense of conviction, and (B) related to (i) the defendant's offense of conviction and any relevant conduct; or (ii) an otherwise closely related case, such as that of a co-defendant." {3C1.1, App. No. 1}.

Section 3C1.1 also sets for a list of conduct that does not trigger an enhancement under that provision, and that list includes "providing a false name or identification document at arrest," and "avoiding or fleeing from arrest." {Id., ["Examples of Conduct Not Covered"] App. Notes 5(A) and 5(D), respectively} At the time this defendant provided the arresting officer with a false name and identification document he had not been under "arrest." He had merely been, at least in his mind at the time, the subject of a car stop for a potential traffic violation. Thus, the evidence has not demonstrated (and could not demonstrate) that, by falsely identifying himself prior to both his arrest and the discovery of the firearm for which he was convicted of possessing, he willfully obstructed justice or attempted to do so.

Indeed, the Court also relied on allegations that this defendant directed another to destroy evidence. As the Second Circuit has succinctly stated, "[t]hat conduct is clearly obstructive if the destroyed evidence was material to an official investigation or judicial proceeding involving the offense of conviction, i.e., possession of a firearm by a convicted felon." {United States v. Ayers, 416 F.3d 131, 133-34 (2d Cir. 2005)} At the time this defendant allegedly directed another to destroy evidence, the firearm in question (unlike in Ayers) had already been recovered by law enforcement, and defendant was in custody. Nothing the defendant could have directed anyone on the outside to do could have, in any way, obstructed or hindered the investigation, prosecution or sentencing of the felon in possession of a firearm offense [18 U.S.C. 922(g)(1)]. Insofar as the evidence related to some other offense, the offense was in no way related to the firearm offense, and the Government has not suggested that such is the case.

On this record, a remand for resentencing is inevitable. It was clear error for the obstruction enhancement to have been applied on the facts of this case, and the Court should endeavor to correct that error rather than allow the issue to await needless resolution by the Second Circuit. Had the Court been aware of the correct sentencing range in this case, it likely would have imposed a much shorter term of imprisonment. This defendant is entitled to that benefit as a matter of fairness and law.

Inasmuch as this Court cannot correct the sentence unless it does so no later than November 9, 2015, we are respectfully requesting that the Court endeavor to do so.

WHEREFORE, for the reasons stated, and in the interest of justice, defendant prays for an order correcting the sentence imposed on October 26, 2015.

Respectfully submitted,

/s/ Francisco Sanchez

FRANCISCO SANCHEZ

cc: U.S. Attorney's Office

Southern District of New York

One Saint Andrew's Plaza

New York, New York 10007