*U.S. Department of Justice*

*United States Attorney*
*Southern District of New York*

*The Silvio J. Mollo Building*
*One Saint Andrew's Plaza*
*New York, New York 10007*

November 5, 2015

**BY E-MAIL AND ECF**

The Honorable Shira A. Scheindlin
United States District Judge
United States Courthouse
500 Pearl Street
New York, New York 10007

    Re:    *United States* v. *Francisco Sanchez*, 13 Cr. 65 (SAS)

Dear Judge Scheindlin:

    The Government respectfully submits this letter in response to the *pro se* motion filed by the defendant on or about November 4, 2015. Pursuant to Rule 35(a) of the Federal Rules of Criminal Procedure ("Rule 35(a)"), the defendant requests that the Court correct the sentence it imposed upon him due to an alleged error in the Court's application of Section 3C1.1 of the United States Sentencing Guidelines ("U.S.S.G."). At the defendant's original sentencing, the Court, in accordance with the findings of the Presentence Investigation Report, applied a sentencing enhancement for obstructing or impeding the administration of justice, pursuant to U.S.S.G. Section 3C1.1, because the defendant "directed another person to destroy or conceal evidence that was material to an official investigation, lied to the arresting officer by claiming a false name and providing a false ID and directed another person to lie in an attempt to get bail while in prison." Sentencing Tr. at 5 (Dkt. 21).

    Rule 35(a) allows a sentencing court to "correct a sentence that resulted from arithmetical, technical, or other clear error" within fourteen days of the imposition of that sentence. The defendant does not claim any such error. Instead, the defendant makes an argument concerning the Court's application of a sentencing enhancement, which is squarely outside the purview of Rule 35(a):

> The authority to correct a sentence under [Rule 35(a)] is intended to be very narrow and to extend only to those cases in which an obvious error or mistake has occurred in the sentence, that is, errors which would most certainly result in a remand of the case to the trial court for further action. . . . *The subdivision is not intended to afford the court the opportunity to reconsider the application or interpretation of the sentencing guidelines or for the court simply to change its mind about the appropriateness of the sentence.* Nor should it be used to reopen issues previously resolved at the sentencing hearing through the exercise of the court's discretion with regard to the application of the sentencing guidelines.

Hon. Shira A. Scheindlin, U.S.D.J.
November 5, 2015
Page 2

Fed R. Crim. P. 35(a) advisory committee notes (1991) (emphasis added); *see also United States* v. *DeMartino*, 112 F.3d 75, 79 (2d Cir. 1997) (quoting the advisory committee notes). As such, this is not a claim appropriately brought pursuant to Rule 35(a), and the defendant's request should be denied.

                                          Respectfully submitted,

                                          PREET BHARARA
                                          United States Attorney

                    by: _____
                                          Jason A. Richman
                                          Assistant United States Attorney
                                          (212) 637-2589

cc.: Randa Dea Maher, Esq. (by e-mail and ECF)