FRANCISCO SANCHEZ

>REGISTER NO. 67706-054
>F.C.I. FORT DIX (WEST-5811)
>P.O. BOX 2000
>JOINT BASE MDL, NEW JERSEY 08640

>November 8, 2015

[By Fax: (212) 805-7920]
THE HONORABLE SHIRA A. SCHEINDLIN
UNITED STATES DISTRICT JUDGE
UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
500 PEARL STREET
NEW YORK, NEW YORK 10007



>Re: United States v. Francisco Sanchez, Docket No. 13 Cr. 65 (SAS)

Dear Judge Scheindlin:

    This defendant respectfully submits this brief reply to the Government's November 5, 2015 letter opposing the defendant's November 4, 2015 pro se letter-motion seeking an order correcting his sentence pursuant to Rule 35(a) of the Federal Rules of Criminal Procedure.

    The Government takes exception only with the defendant's efforts to have his sentence corrected under Rule 35(a) and does not confront the merits of the motion, or the controlling case law cited in support thereof. Moreover, the Government's attempt to dissuade this Court from correcting an obvious error that will certainly result in a remand on appeal is unavailing. {See, United States v. Waters, 84 F.3d 86, 90 (2d Cir. 1996)(holding that district court "properly exercised its authority to correct its error..., pursuant to Rule 35[a] [,]" where the court failed to consider a Guideline policy statement in imposing a sentence on the defendant for violating supervised release); United States v. Reese, 36 F.Supp.3d 354 (S.D.N.Y. 2014)(granting motion to correct sentence under Rule 35(a) that challenged the district court's application of enhancements); United States v. Seethaler, 2000 U.S. Dist. LEXIS 13438 (N.D.N.Y. Sept. 19, 2000)(granting Rule 35(a) motion to correct sentence based on misapplication of the Guidelines)} Accordingly, the motion to correct the sentence under Rule 35(a) is properly before this Court.

    The Government acknowledges that the Court applied the obstruction of justice enhancement based on the Probation Department's recommendation, which was based on findings that (1) defendant "directed another person to destroy or conceal evidence," (2) defendant lied to arresting officers by claiming a false name and providing a false ID, and (3) defendant directed another person to lie in an attempt to get bail while in prison. Although this defendant is not proud of his behavior in this case, and makes no attempt to minimize his conduct, none of the conduct relied upon in enhancing his offense level amounted to obstructive conduct in connection with the felon in possession of a firearm charge for which he was prosecuted. While the alleged conduct may have (arguably) been obstructive, it certainly was not obstructive in relation to the firearm offense for which he was convicted, or any other closely related offense. Thus, even if defendant's conduct constituted "obstruction of justice" the two level enhancement accorded in this case was unauthorized, and it resulted in a clear prejudicial misapplication of the Sentencing Guidelines.

    As noted in his original moving papers, even providing a false name or identification at the time of arrest

does not warrant such an enhancement. {See, U.S.S.G. 3C1.1, App. Note 5(A)(expressly excluding from the enhancement provision providing a false ID at the time of arrest)} Notably, defendant's alleged conduct of providing a false ID allegedly preceded the arrest and occurred during (what defendant believed was) a mere traffic stop. This conduct is expressly excluded from the list of conduct triggering the enhancement, and it was clear, obvious and reversible error for the enhancement to be applied based on this conduct.

With respect to this defendant allegedly directing another to destroy evidence, that conduct -- while "clearly obstructive if the destroyed evidence was material to...possession of a firearm by a convicted felon," {United States v. Ayers, 416 F.3d 131, 133-34 (2d Cir. 2005)} -- would not have, and could not have, impeded the investigation, prosecution or sentencing for the offense of conviction. The Government refuses to confront this binding case law. Nothing this defendant did by allegedly directing another to destroy evidence could have, in any way, impacted his felon in possession of a firearm charge, conviction, or sentence. At the time this alleged conduct, the firearm had been recovered and defendant had been charged. If, perhaps, defendant had instructed another to destroy evidence of his true identity in a futile attempt to prevent authorities from learning his true identity and criminal history, the conduct would clearly warrant an enhancement for an attempt to obstruct justice in connection with the offense of conviction. However, that is not the case. The allegations which served as a factual basis for the enhancement did not, as a matter of fact and law, trigger the enhancement.

His efforts to obtain his release on bond, like the other conduct, had no impact (and was not intended to have any impact) on the investigation, prosecution or sentence for the his unlawful possession of a firearm. If the evidence adduced in this case arguably supported an allegation that defendant attempted to post bail so that he could take flight in an effort to avoid prosecution, perhaps the enhancement for obstruction of justice based on his alleged conduct to secure bail might warrant the enhancement. However, his mere attempt to obtain bail -- even if he instructed another to lie to do so -- cannot be said to have obstructed justice. Consequently, without more, the obstruction of justice enhancement was not authorized for this conduct.

There can be no question that the error here -- the application of the obstruction of justice enhancement to conduct that did not trigger the enhancement -- was "clear and obvious." The fact that former counsel failed to lodge an appropriate objection reflects on counsels' effectiveness during the sentencing stage, but it does not take away from the error's "clear and obvious" character, or the prejudice the resulted from the error. Indeed, "obstructive" conduct is just the type of conduct that a court would typically consider in fashioning a sentence. Were it not for the Court's mistaken belief that this defendant engaged in conduct that warranted an enhancement for obstruction of justice, the Court would likely have imposed a much more lenient sentence.

In sum, given the Government failure to oppose the merits of defendant's motion, and the substantial likelihood that the sentence will be vacated on direct appeal, the Court should grant the impending motion and correct the sentence, in the interest of justice.

Respectfully submitted,

/s/ Francisco Sanchez

_____

FRANCISCO SANCHEZ

CC
US Attorney's Office
Southern District of New York